UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY A. GRECO, ET AL. | CIVIL ACTION |
| VERSUS | NO. 21-2346 |
| FEDERAL EXPRESS CORPORATION, ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is defendant FedEx Custom Critical, Inc.'s unopposed motion to dismiss plaintiff's complaint under Rule 37 of the Federal Rules of Civil Procedure.[1] For the following reasons, the Court grants defendant's motion.

## I. BACKGROUND

This case arises from an automobile collision that occurred in Kenner, Louisiana, on January 23, 2020.[2] Plaintiff alleges that on that date, he was driving westbound on Interstate 10 when defendant Lucy Sheffer, who was driving alongside plaintiff, suddenly changed lanes and collided with his car.[3] Plaintiff filed a petition for damages in the 24th Judicial District Court for the Parish of

---

[1]  R. Doc. 12.
[2]  R. Doc. 1-4 ¶ 4.
[3]  *Id.* ¶ 5.

Jefferson against Sheffer; Federal Express Corporation and Cain Transportation, the alleged owners of the vehicle Sheffer was driving; and Progressive Artisan, the alleged insurer of defendants. Shortly thereafter, plaintiff dismissed Federal Express Corporation and substituted as defendant FedEx Custom Critical Inc. ("FedEx"),[4] which then removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.[5]

FedEx now moves to dismiss plaintiff's complaint with prejudice under Rule 37 of the Federal Rules of Civil Procedure on the grounds that plaintiff has refused to sit for a deposition. Specifically, FedEx asserts that plaintiff's first deposition was set for May 18, 2022, which was cancelled at the request of plaintiff's counsel.[6] The deposition was rescheduled for June 2, 2022, but that, too, was cancelled at the request of plaintiff's counsel.[7] Plaintiff's deposition was again rescheduled, this time for June 24, 2022, but plaintiff did not show up for his deposition.[8] FedEx agreed with plaintiff's counsel to reschedule plaintiff's deposition yet again, this time for August 25, 2022, but plaintiff again failed to appear on the scheduled date.[9] Plaintiff's counsel informed FedEx that he had been unable to contact

---

[4] R. Doc. 1-5.
[5] R. Doc. 1.
[6] R. Doc. 12-1 at 2.
[7] Id.
[8] Id.
[9] Id.

plaintiff regarding the deposition.[10]   After FedEx agreed to reschedule the deposition again, plaintiff failed to show up to his deposition for the third time.[11] Plaintiff's counsel again represented to FedEx that he had been unable to contact his client.[12]

Shortly thereafter, FedEx moved to compel plaintiff to sit for a deposition, which Magistrate Judge Donna Phillips Currault granted.[13]   Specifically, Magistrate Judge Currault ordered plaintiff to appear for a deposition on April 24, 2023, and warned that plaintiff's failure to appear as ordered may result in sanctions pursuant to Rules 37(b)(2) and 37(d) of the Federal Rules of Civil Procedure, including the possible dismissal of plaintiff's claims.[14]   FedEx asserts that plaintiff did not appear for the April 24, 2023, deposition, despite being ordered to do so.[15]   FedEx thus seeks dismissal of plaintiff's complaint.  Plaintiff does not oppose FedEx's motion.

The Court considers the motion below.

## II.   DISCUSSION

---

[10]   *Id.*
[11]   *Id.*
[12]   *Id.*
[13]   R. Doc. 10.
[14]   *Id.*
[15]   R. Doc. 12-1 at 2.

Rule 37 of the Federal Rules of Civil Procedure provides that when, as here, a party fails "to attend its own deposition," the court "may, on motion, order sanctions," including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(d)(1)(A)(i), (b)(2)(A)(v). Before a court may dismiss a case pursuant to Rule 37, "two criteria must be met." *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003). "First, the penalized party's discovery violation must be willful." *Id.* Second, the "drastic measure [of dismissal] is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect." *Id.* "The reviewing court may also consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation." *Id.*

Here, plaintiff has cancelled his deposition twice, and failed to appear for his rescheduled deposition four times. This was despite being ordered by the Court to appear for a deposition and expressly warned that his failure to do so could result in dismissal of his case.[16] Plaintiff does not respond to FedEx's motion to dismiss, much less provide a valid excuse for his repeated failure to prosecute his case. There can be little doubt that plaintiff's failure to sit for his deposition was willful and that he is not blameless. *Cf. Bluitt v. Arco Chem. Co.*, 777 F.2d 188, 190 (5th Cir. 1985) (noting that dismissal is inappropriate if noncompliance with discovery

---

16    *See* R. Doc. 10.

is "plainly attributable to an attorney rather than a blameless client"). Indeed, plaintiff requested that the deposition be rescheduled several times, and thereafter ceased responding to his counsel's outreach regarding the deposition. In light of FedEx's repeated efforts over the past year to depose plaintiff, including securing a court order compelling plaintiff to appear for his deposition, there is no lesser sanction that would be appropriate here. *See id.* at 190-91 (affirming district court's judgment that lesser sanctions "would be of no avail because previous orders had been disregarded"); *see also Pegues v. PGW Auto Glass, LLC*, 451 F. App'x 417, 418 (5th Cir. 2011) ("[T]he court properly reasoned that lesser sanctions would have been unavailing," as the plaintiff "was explicitly warned of the possibility of dismissal, and nothing suggests that further warnings would have been effective"). Finally, there can be little doubt that plaintiff's refusal to be deposed for over a year has prejudiced FedEx's ability to prepare for trial, as plaintiff's testimony regarding the collision is critical to this case.

      The Fifth Circuit has repeatedly affirmed the dismissal of plaintiffs' claims pursuant to Rule 37 based on similar failures to comply with court orders to appear for depositions. *See, e.g.*, *Pegues*, 451 F. App'x at 418 (affirming district court's dismissal of plaintiff's complaint with prejudice when plaintiff "persistently refused to arrange to have his deposition taken," even after the Magistrate Judge "ordered [plaintiff] to give his deposition at a certain place, date, and time");

5

*Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979) ("In light of [plaintiff's] repeated deliberate refusals to appear for the deposition, the district court did not abuse its discretion in dismissing the suit."); *see also Kabbe v. Rotan Mosle, Inc.*, 752 F.2d 1083, 1084 (5th Cir. 1985) (affirming dismissal of complaint with prejudice for plaintiff's failure to appear for a deposition in contravention of an order that cautioned plaintiff that failure to appear for deposition would result in dismissal of her case). Considering plaintiff's persistent refusal to comply with his discovery obligations and his failure to offer any explanation, the Court hereby grants FedEx's motion.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS FedEx's motion and dismisses plaintiff's complaint WITH PREJUDICE.

New Orleans, Louisiana, this __20th__ day of June, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE